UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT
CIVIL ACTION NUMBER: 05-30161-KPN

NELSON VIERA
PLAINTIFF
V.
HAMPDEN COUNTY JAIL,
SHERIFF MICHAEL J. ASHE
CAPTAIN WALKER
DEFENDANTS

### DEFENDANTS' ANSWER

Now come the defendants in the above-captioned matter and by way of response to the numbered paragraphs of the Complaint:

1. There is insufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

2. Defendants admit only that Michael Ashe, Jr. is the sheriff of Hampden County. They deny that the name of the facility is the Hampden County Jail and the remaining allegations contained in this paragraph of plaintiff's Complaint.

3. Defendants admit only that Captain Christopher Walker is an employee of the Commonwealth of Massachusetts and deny the remaining allegations contained in this paragraph of plaintiff's Complaint.

4. Paragraph 4 of plaintiff's complaint contains conclusion of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendants deny the allegations contained in this paragraph the complaint.

5. There is insufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

6. There is insufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

7. There is insufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

8. There is insufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

9. There is insufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

10. The allegations of this numbered paragraph of the complaint are denied.

11. The allegations of this numbered paragraph of the complaint are denied.

12. The allegations of this numbered paragraph of the complaint are denied.

13. The allegations of this numbered paragraph of the complaint are denied.

14. Paragraph 14 of plaintiff's complaint contains conclusion of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendants deny the allegations contained in this paragraph the complaint.

15. Paragraph 15 of plaintiff's complaint contains conclusion of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendants deny the allegations contained in this paragraph the complaint.

16. Defendants deny the allegations contained in paragraph 16 of plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state any claim upon which relief can be granted.

2. Plaintiff's claim is barred because the damages allegedly suffered by the Plaintiff resulted from or were caused by the contributory negligence of the Plaintiff.

3. Plaintiff's claim is barred because the damages allegedly suffered by the Plaintiff resulted from or were caused or contributed to by the negligence of the Plaintiff, which negligence was equal to or greater than any alleged negligence of the Defendants.

4. Plaintiff's claim is barred because the damages allegedly suffered by the Plaintiff were caused by the intervening and/or superseding negligence or other acts or omissions of third persons or entities for whose conduct the Defendants are not legally responsible.

5. Plaintiff is not entitled to recover in the amounts prayed for in the Complaint because Plaintiff's negligence has diminished whatever right, if any, Plaintiff might ever have had to such recovery.

6. At the time of the alleged accident the Plaintiff was in violation of the laws of this Commonwealth, and said violation was the cause of Plaintiff's alleged injuries.

7. The Plaintiff's action is barred due to lack of service of process and due to insufficient service of process.

8. The Plaintiff's claim is barred due to the Plaintiff's failure to provide sufficient and timely notice of Plaintiff's claim and injury as required by law, including but not limited to the provisions of G.L. ch. 258.

9. The Plaintiff's claims should be diminished in accordance with M.G.L. c. 231, §85, because the damages allegedly suffered by the Plaintiff resulted from or were caused by or contributed to by the negligence of the Plaintiff.

10. The defendants deny that this action arises under the Constitution of the United States and deny that there has been any deprivation under color of any statute of the Commonwealth of Massachusetts of any rights, privileges or immunities secured to the plaintiff by the Constitution of the United States.

11. The defendants state that all of their actions as they may relate in any way to this action were taken in good faith without the knowledge that said actions would result in a violation of the named plaintiff's, or anyone else's, constitutional rights, nor were said actions taken with any reckless disregard of the constitutional rights of the named plaintiff, or of anyone else, and thus, the defendants are immune from liability for any damages as alleged in plaintiff's complaint under the doctrine of qualified immunity.

12. The defendants state that all actions taken by them which in any way related to plaintiff were taken in good faith, without knowledge that any such actions would violate any person's constitutional rights, and without reckless disregard for any person's constitutional rights, and therefore they are immune from suit.

13. The defendants say that all of their actions which in any way related to the

plaintiff were taken pursuant to their public obligations and duties, that their said actions were taken in their lawful capacity pursuant to their obligations under state law, and as such, were privileged.

14. The defendants say that they are immune from liability in this action under the provisions of G.L. c. 258, as amended.

15. The defendants say that the plaintiff has failed to comply with the provisions of G.L. c. 258, as amended.

16. The plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution and the doctrines of sovereign and qualified immunity.

WHEREFORE, the Defendants demand that plaintiff's complaint be dismissed, that judgment be entered on defendants' behalf, and that they be awarded reasonable attorneys' fees and costs in defending this action.

**THE DEFENDANTS DEMAND A TRIAL BY JURY.**

FOR THE DEFENDANTS,
By Their Attorney

Edward J. McDonough, Jr., Esq.
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121
BBO# 331590

CERTIFICATE OF SERVICE

_____ hereby certifies that on this 16th day of November, 2005, I have caused the aforementioned document to be served on all parties to this action by mailing a copy of same first-class mail, postage prepaid to the Plaintiff Nelson Viera (pro se), Hampden County Correctional center, 629 Randall Road, Ludlow, MA 01056