UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT
CIVIL ACTION NUMBER: 05-30161-KPN

---

NELSON VIERA
PLAINTIFF
V.
HAMPDEN COUNTY JAIL,
SHERIFF MICHAEL J. ASHE
CAPTAIN WALKER
DEFENDANTS

---

### DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS.

Now come the defendants in the above-referenced matter, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, moves this court for an order requiring the plaintiff to answer interrogatories set forth in the attached Exhibit A and to produce and to permit the defendant to inspect and to copy or photograph each of the documents set forth in the attached Exhibit B.

This motion is made on the grounds:

1. That the defendants served Defendants' First Set of Interrogatories to the Plaintiff on April 13, 2006, a copy of which is attached hereto as Exhibit A.

2. The defendants served a written request upon the plaintiff for production, inspection, and copying or photographing the above-referenced documents on April 13, 2006, a copy of which is attached hereto as Exhibit B.

3. That under Rule 334(b)(3), plaintiff was obligated to serve upon the defendants' attorney written answers to said interrogatories within thirty days after service of said request.

2. That under Rule 34(b), plaintiff was obligated to serve upon the defendants' attorney a written response to said request for production within thirty days after service of said request.

3. That plaintiff has failed to serve any written response to defendant's said interrogatories and request for production with thirty days after service of said request.

4. That the plaintiff has filed no motions with this court requesting an enlargement of the time within which to respond to defendants' said request for production nor has the plaintiff requested the defendants to voluntarily agree to such enlargement.

5. That more than 30 days have elapsed since service of defendants' said request during which plaintiff has not answered nor objected to said interrogatories nor has he responded or objected to defendants' request for production of the requested documents.

6. That any objections which may have been asserted in response to the said request for production of any of the documents requested are now waived by the plaintiff's failure to serve such objections within the time and manner set forth in Rule 34.

7. That the documents requested by the defendants contain relevant and material evidence in the above-entitled action and their production is necessary for the defendants to prepare for trial.

8. On June 5, 2006, plaintiff was sent a letter trying to secure the disclosure

without court action. See attachment C.

Wherefore, the defendants pray that this motion be allowed.

Respectfully submitted,

_____
Edward J. McDonough, Jr., Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121
BBO# 331590

LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, the undersigned wrote to the plaintiff on June 5, 2006 in an attempt to resolve the subject of this motion without the need for court action, but the plaintiff has not responded.

_____
Edward J. McDonough, Jr.

CERTIFICATE OF SERVICE

_____ certifies that copies of the foregoing document was served on Nelson Viera (pro se) by mail on 6/29/2006 at 629 Randall Road, Ludlow, MA 01056.

UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT
CIVIL ACTION NUMBER: 05-30161-KPN

NELSON VIERA
PLAINTIFF
V.
HAMPDEN COUNTY JAIL,
SHERIFF MICHAEL J. ASHE
CAPTAIN WALKER
DEFENDANTS



EXHIBIT  A

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO THE PLAINTIFF.**

1. Please identify yourself fully by providing your full legal name, including your middle name or names and all nicknames or aliases by which you are known or have used, residential address, date of birth, social security number.

2. Please state fully the name and address of each past employer, including the number, street, city or town, and state, and explain the reason for leaving each past employment and the beginning and ending dates of employment.

3. Have you ever been convicted of or plead guilty or nolo contendere to a felony charge or indictment in any state or federal court? If your answer is in the affirmative, please list each specific felony charge or indictment and the circumstances associated with it, including:
   a. the nature of the crime,
   b. the date of the conviction or plea,
   c. the name and address of the court, including number, street, city or town, and state,
   d. the terms of the sentence and all conditions of the disposition that were imposed,
   e. if you were incarcerated, the name and address of the jail or prison, including the number, street, city or town, and state,
   f. if you were paroled or put on probation as part of a split-sentence, the date of parole or probation and name and address of your parole or probation officer,
   g. if you escaped from custody, the date of each escape.

4. Have you ever been convicted of or plead guilty or nolo contendere to a misdemeanor charge or indictment in any state or federal court? If your

       answer is in the affirmative, please list each specific felony charge or indictment and the circumstances associated with it, including:
       a.    the nature of the crime,
       b.    the date of the conviction or plea,
       c.    the name and address of the court, including the number, street, city or town, and state,
       d.    the terms of the sentence and conditions of the disposition that was imposed,
       e.    if you were incarcerated, the name and address of the jail or prison, including the number, street, city or town, and state,
       f.    if you were paroled or put on probation as part of a split-sentence, the date of parole or probation and name and address of your parole or probation officer,
       g.    if you escaped from custody, the date of each escape.

5.    As of the time of the alleged occurrence, had you ever been treated for alcoholism, drug addiction or mental illness by any doctor, practitioner, hospital, or other institution?

6.    If your answer to the preceding interrogatory is in the affirmative, please state:
       a.    the date or dates of any such treatment,
       b.    the name and address of any person or institution treating you,
       c.    the nature and extent of any such treatment.

7.    Please set forth fully and completely a history and biography of your physical and mental condition, describing in detail any injuries, ailments, operations, or illnesses suffered by you, including the symptoms manifested and medications used in treatment.

8.    Please describe fully and in detail how the incident occurred, including in your answer:
       a.    the exact hour, day and date of your alleged incident,
       b.    the names of all persons present,
       c.    the exact location,
       d.    the amount of time in which each action involved in the alleged incident occurred.

9.    Please state what act or acts of the defendant that you allege caused or contributed to your injuries.

9.    Please give the names and addresses of all treating physicians, including doctors, chiropractors, physical therapists and orthopedic surgeons, stating:

    (a)    date(s) of treatment,
    (b)    the treatment received on those dates.

10. Please give an itemized list of all monetary losses which you or anyone on your behalf has incurred to date as a result of the incident alleged in your complaint, including but not limited to: hospital bills, doctors' bills, other medical, dental chiropractic and similar bills.

11. Please list and describe all injuries, diseases, symptoms, conditions and complaints from which you are now suffering which you claim were proximately caused by the incident which is the subject of plaintiff's complaint.

12. As to any injury, disease, symptom, condition or complaint identified in your answer to the foregoing interrogatory, please further set forth:

    a.    the date or approximate date upon which you first noticed each;
    b.    the name, business and residence address, and telephone number of any person who witnessed or claims to have knowledge or any fact pertaining to the onset, appearance, or severity of any such injury, disease, symptom, condition or complaint;
    c.    the approximate dates upon which any such injury, disease, symptom, condition or complaint subsided or terminated, if applicable; and
    d.    the name, address and hospital affiliation of any practitioner of the healing arts whom you consulted for diagnosis or treatment of any such injury, disease, symptom, condition, or complaint.

13. Prior to the date of the incident which is the subject of your complaint, have you ever had injuries, diseases, symptoms, conditions or complaints similar to those described in your answer to interrogatory number 12?

14. If your answer to the foregoing interrogatory was in the affirmative, please further set forth:
    a.    The nature of such injury, disease, symptom, condition or complaint previously experienced by you;
    b.    The date or dates on which you experienced such injury, disease, symptom, condition or complaint;
    c.    The name, business address, and hospital affiliation, if applicable, of any practitioner of the healing arts whom you consulted for the purpose of diagnosis or treatment of any such injury, disease, symptom, condition, or complaint.

15. Please list and describe any illness, disease, symptom, condition or complaint, whether physical or mental, from which you were suffering immediately prior to the occurrence of the incident which is the subject of

your complaint.

16. Please state the substance of all conversations had:
    a. between you and any agent, representative or employee of the defendant relative to the alleged incident,
    b. between others and any agent, representative or employee of the defendant relative to the alleged incident,
    c. between others and any agent or employee of the defendant in your presence, relative to the alleged incident,
    d. set forth the names and addresses of anyone who was present during all such conversations.

17. Please state whether or not you filed any grievances or other complaints with the staff or any other personnel at the Hampden Correctional Center which in any way relate to the allegations of the complaint.

18. If the answer to the preceding interrogatory is in the affirmative, please state:
    a. the date of the filing or making of any such grievance or complaint and the person or office with whom it was filed or made,
    b. the action taken in response to any such grievance or complaint,
    c. whether any such grievance or complaint were made in writing or orally, and if so please attach a copy to your answers to these interrogatories.

19. Please describe each and every act or omission on the part of any agent or employee of the defendant which you allege has resulted in the alleged incident, including in your answer the date, time, and place of each such acts or omissions and the names and addresses of any witnesses to any such acts or omissions.

20. Please set forth an itemized list of each and every element of damages which you claim you are entitled to as a result of any act or omission on the part of the defendant, including in your answer the precise monetary amount of each item of damages and any actual out of pocket expenses which you have incurred.

21. Have you ever made a claim for personal injuries or property damages against any other person?

22. If your answer to the foregoing interrogatory was in the affirmative, please further set forth:
    a. The name and address of the person or entity against whom such claim was made;
    b. A description of each injury or damage which was the subject of each such claim;

    c.    The name and address of the court where such claim was filed, the name of the case and the case number;
    d.    The name and address of any insurer affording coverage applicable to said claim, and the claim number assigned by the insurer to said claim;
    e.    The date you suffered the injuries or damage giving rise to such claim; and
    f.    The amount of money paid, if any, to settle or otherwise satisfy said claim.

23. Do you contend that you suffered physical pain or suffering as a result of any injury, disease, symptom, condition, or complaint sustained as a result of the incident which is the subject of your complaint?

24. If your answer to the foregoing interrogatory was in the affirmative, please further set forth:
    a.    The nature of such pain or physical suffering;
    b.    By inclusive dates, the period of time that you experienced such pain or physical suffering as to each such injury, disease, symptom, condition, or complaint;
    c.    The name, business and residence address, and telephone number of any person who possesses or claims to possess knowledge of any fact pertaining to your claim of physical pain or suffering;
    d.    The name, business and residence address, and telephone number of any person known to you who can compare your physical condition prior to and following the incident which is the subject of your complaint.

25. Do you claim to have experienced mental or emotional pain or suffering as a result of any illness, disease, symptom, condition, or complaint which you contend you suffered as a result of the incident which is the subject of your complaint.

26. If your answer to the foregoing interrogatory was in the affirmative, please further set forth:
    a.    The nature of such emotional or mental pain and suffering, including the injury, disease, symptom, condition or complaint associated therewith;
    b.    By inclusive dates, the period of time that you experienced such emotional and/or mental pain and suffering;
    c.    The name, business and residence address, and telephone number of any person known to you who claims to have knowledge of any fact pertaining to such emotional or mental pain and suffering.
    d.    The name, business and residence address, and telephone number of any person known to you who can compare your emotional and

mental condition prior to and following the subject incident;

27. Please set forth the names, addresses, and occupations of all experts (including providers of medical care) you expect to call at trial, including in your answer:
    (a) the subject matter of each expert's testimony,
    (b) the substance of the facts and opinions to which each expert is expected to testify,
    (c) a summary of the grounds for each opinion, together with the substance of facts upon which said opinions are based.

The Defendants

_____
By their attorney
Edward J. McDonough, Jr., Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121
BBO# 331590

_____ certifies that copies of the foregoing document was served on Nelson Viera, Hampden County Correctional Center, 627 Randall Road, Ludlow, MA 01056 by first class mail on 4/17/2006.

6

UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT
CIVIL ACTION NUMBER: 05-30161-KPN

NELSON VIERA
PLAINTIFF

V.

HAMPDEN COUNTY JAIL,
SHERIFF MICHAEL J. ASHE
CAPTAIN WALKER
DEFENDANTS



EXHIBIT B

### DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF.

Now come the defendants in the above-captioned matter and, pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, hereby requests the Plaintiff, Fernando Fonseca, to produce, within thirty (30) days of the date of this request, for inspection and copying at the offices of EGAN, FLANAGAN AND COHEN, P.C., 67 Market Street, Springfield, Massachusetts, the following documents which are in the possession, custody or control of the plaintiff or the plaintiff's agents, servants, employees, representatives or attorneys.

### Documents Requested

1. Copies of all communications between the plaintiff and each of the defendants or correctional officers, or any other employees at the Hampden County House of Correction or employees or agents of the County of Hampden.

2. All written statements, signed or unsigned, of any and all witnesses, including the plaintiff, to the alleged incident, and/or copies of all verbatim written transcriptions of any and all statements of such witnesses, including the plaintiff, taken on a recording instrument, which are in the possession, custody or control of the said plaintiff.

3. Copies of all reports, communications, documentation and memoranda from any expert with whom the plaintiff has consulted.

4. Copies of any and all documents containing the names and addresses of all witnesses to the incident referred to in the Complaint, regardless of whether

or not a statement was taken from them, and regardless of the type of statement.

5. Copies of any and all written communication, signed or unsigned, between the plaintiff and the defendant concerning the allegations complained of in the plaintiff's Complaint.

6. Copies of any written grievances or other complaints or requests for services initiated by the plaintiff.

7. Copies of any bills or receipts evidencing any monetary loss by the plaintiff as a result of the allegations.

8. Copies of all medical records and medical bills which plaintiff claims were incurred as a consequence of the allegations of the complaint.

9. Copies of all records of treatment showing plaintiff's medical history.

10. Copies of any written policies and regulations which the plaintiff claims were violated, or which the plaintiff claims were unlawful in his complaint. The Defendants

_____
By their attorney
Edward J. McDonough, Jr., Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121
BBO# 331590

_____ certifies that copies of the foregoing document was served on Nelson Viera, Hampden County Correctional Center, 627 Randall Road, Ludlow, MA 01056 by first class mail on 4/12/2006.

2

Law Offices Of
# Egan, Flanagan and Cohen, P.C.

67 Market Street
P.O. Box 9035
Springfield, Massachusetts 01102-9035

Phone: (413) 737-0260 • Telefax: (413) 737-0121
Chicopee Office: (413) 594-2114 *by appointment only*
Web site: www.eganflanagan.com

John J. Egan
Theodore C. Brown
Edward J. McDonough, Jr.
Maurice M. Cahillane
Robert L. Quinn
Joseph A. Pacella*
Joseph M. Pacella
Kevin D. Withers
Paula C. Tredeau⁰
Richard J. Kos
Joan F. McDonough
Katherine A. Day□
Jennifer Midura D'Amour*

*Senior Counsel*
  William C. Flanagan⁺
  Mary E. Boland
  Thomas J. Donoghue

*Of Counsel*
  David G. Cohen

James F. Egan
  (1896-1986)
Edward T. Collins
  (1902-1995)
Charles S. Cohen
  (1931-2004)

*Also admitted in CT
⁺Also admitted in DC
□Also admitted in FL
⁰Also admitted in TX

June 5, 2006

EXHIBIT C

Nelson Viera
Hampden County Correctional Center
627 Randall Road
Ludlow, MA 01056

RE:   Viera v. Hampden County Jail et al
      U.S. District Court No. 05-30161

Dear Mr. Viera:

On April 12, 2006, you were served with Interrogatories and Request for Production of Documents. To date, I have not received your response to Defendants' Request for Production of Documents and your answers to Defendants' Interrogatories.

If I do not receive a response from you by June 19, 2006, I will file a motion to compel production and for dismissal of the action.

Very truly yours,

Edward J. McDonough, Jr.
Ejm@eganflanagan.com

EJM:jfs
0056-051088\114566.wpd