UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NELSON R. VIERA,<br>   Plaintiff<br><br>  v.<br><br>HAMPDEN COUNTY JAIL, SHERIFF<br>MICHAEL J. ASHE and CAPTAIN<br>WALKER,<br>   Defendants | Civil Action No. 05-30161-KPN |

<u>MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS' MOTION TO
DISMISS FOR FAILURE TO COMPLY WITH COURT ORDER (Document No. 14)</u>
August 14, 2006

NEIMAN, C.M.J.

  Defendants have moved pursuant to Fed. R. Civ. P. 37(b)(2)(C) to dismiss this *pro se* action brought by Nelson R. Viera ("Plaintiff"), an inmate at the Hampden County House of Correction. The parties have consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons which follow, Defendants' motion will be allowed.

  Rule 37(b)(2)(C) authorizes the court to dismiss an action where the plaintiff "fails to obey an order to provide or permit discovery." The court concludes that this is one of the rare cases where such a sanction is appropriate. *See Guex v. Allmerica Fin. Life Ins. & Annuity Co.*, 146 F.3d 40, 42 (1st Cir. 1998) (holding that dismissal for discovery default "'must be available to the district court in appropriate cases,'" *e.g.*, "'to penalize those who conduct may be deemed to warrant such a sanction'") (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Plaintiff instituted this *in forma pauperis* action on June 20, 2005. In his three-page, handwritten complaint, Plaintiff alleges that, beginning on March 20, 2005, he was placed in solitary confinement for one month after failing to "produce a urine for testing." (Complaint ¶¶ 5, 7, 10.) According to Plaintiff, he "informed defendants that he could not produce a urine on demand because of surgeries that [he] had indured [sic]." (*Id.* ¶ 7.) Asserting that Defendants' decision to place him in solitary confinement, among other actions, constitute constitutional violations, Plaintiff sought $500,000 in damages.

Service of the complaint was returned in November of 2005, and the court held an initial scheduling conference on January 12, 2006. On April 13, 2006, in accordance with the court's scheduling order, Defendants served Plaintiff with interrogatories and requests for production of documents. Plaintiff took no action. Accordingly, on June 5th, Defendants sent Plaintiff a letter in an effort to obtain disclosure without court intervention. When Plaintiff did not respond by the letter's June 19th deadline, Defendants, on June 29th, filed a motion to compel. Plaintiff still took no action and the court, on July 14th, allowed Defendants' motion to compel. In its electronic order, the court stated that "[b]y July 25, 2006, Plaintiff shall respond to outstanding discovery requests or have his complaint subject to dismissal."

By July 27th, Plaintiff had still not responded to Defendants' discovery requests, their June 5th letter or their motion to compel. Nor had Plaintiff responded to the court's July 14th electronic order. Accordingly, Defendants filed the instant motion to dismiss. Plaintiff has filed no opposition to that motion.

Based on the foregoing, the court deems dismissal pursuant to Rule 37(b)(2)(C) to be an appropriate sanction. To paraphrase the First Circuit, Plaintiff "has demonstrated a troubling lack of respect for the judicial process" by failing to respond to Defendants' discovery requests, "failing to explain his failure" or otherwise respond to Defendants' motion to compel, and then failing to respond to this court's order that he comply or face dismissal. *Guex*, 146 F.3d at 42-43. Accordingly, Defendants' motion to dismiss is hereby ALLOWED.

    IT IS SO ORDERED.

DATED:  August 14, 2006

                                               /s/ Kenneth P. Neiman  
                                           KENNETH P. NEIMAN  
                                           Chief Magistrate Judge